IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 12 2021

KEVIN P. WEIMER, Clerk
By _____ Deputy Clerk

| | | |
|---|---|---|
| AIESHA B. CALLAHAN, | § | |
| *Plaintiff,* | § | |
| v. | § | Civil Action No. |
| | § | |
| EMORY HEALTHCARE, INC., | § | 1:18-CV-01367-WMR- JSA |
| *Defendant.* | § | |
| | § | |

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SHOTGUN AFFIRMITIVE DEFENSES

**COMES NOW** Plaintiff, Aiesha B. Callahan, pursuant to FRCP 12(f) and FRCP 11(b), and hereby files this motion (with incorporated memorandum of law and declaration), and moves this court to strike ("Defendant"), Emory Healthcare's shotgun affirmative defenses asserted in its Answer (Doc. 23) to Plaintiff's Complaint (Doc.1), for reasons as follows:

## INTRODUCTION

Plaintiff's complaint presents factual elements that culminate into two specific claims for relief under the Americans with Disabilities Act of 1990, as amended ("ADA") – with regards to (discrimination, by way of interference); and (retaliation, by way of wrongful termination), because Plaintiff received (job reassignment for accommodation; and clarification of her essential duties as a second

1

accommodation) at Emory University Hospital at Wesley Woods ("EWWH") after her physician recommended reassignment for accommodation while she was on leave under the Family Medical Leave Act ("FMLA"); because Plaintiff could not return to the position she held prior to FMLA leave, due to her disability.

Then, (within one month), her managers forcefully scheduled her (approximately four times to blindly orient for a second job that she never held before and did not apply for), and she was reprimanded twice (by a director and a vice president), then terminated (by two vice presidents) in violation of the ADA 42 U.S.C. §12203(a)(b), because she asked for the job description of the second position assigned to her, so that she could determine whether she could perform its essential duties along with the essential duties of her accommodation, with/or without accommodation.

However, Plaintiff files this motion to strike because even though her Complaint is well pleaded, Defendant's overall Answer is a shotgun pleading, and its twenty-seven affirmative defenses are vague, conclusory, boilerplate and does not put Plaintiff on notice of the factual basis relied upon to support its defenses; therefore, Plaintiff moves this court to strike all of Defendant's affirmative defenses.

## LEGAL STANDARD

FRCP 12(f) permits "[T]he court to strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." And some courts have intervened on its own accord to require re-pleading of factually

unsupported affirmative defenses, even imposing sanctions in such cases. *See* Byrne v. Nezhat261 F.3d 1075, 1133, fn. 114, (11th Cir. 2001).

While judges enjoy discretion to strike pleadings pursuant to Rule 12(f), "striking a party's pleading . . . is an extreme and disfavored measure." *See* BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007); Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.3d 1045, 1057 (5th Cir. 1982) (stating that "motions to strike a defense are generally disfavored"); *see* also 5C C. Wright & A. Miller, Federal Practice and Procedure 3d § 1380 (2004) (stating that "motions under Rule 12(f) are viewed with disfavor by the federal courts and are infrequently granted").

But striking insufficient affirmative defenses is proper, because courts "must not tolerate shotgun pleading of affirmative defenses and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." Tsavaris v. Pfizer, Inc., 310 F.R.D. 678, 682 (S.D. Fla. 2015).

Furthermore, affirmative defenses are pleadings that are subject to FRCP 8(b)'s pleading standard, which requires a party to "state in short and plain terms its defenses to each claim asserted against it." *See* FRCP 8(b)(1)(A). Therefore, (the court reviews affirmative defenses to ensure they provide fair notice of the nature of the defense and the grounds upon which it rests.) *See* Navarro v. Santos Furniture Custom Design, Inc. , 372 Fed.Appx. 24, 27 (11th Cir.2010); *See* also Bergquist v.

Fidelity Info. Servs., Inc. , 197 Fed.Appx. 813, 815 (11th Cir.2006) ("the purpose of Rule 8(c) [is] simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial").

That being so, Plaintiff files this motion proactively because Defendant has [not] put her on notice of the nature of its defenses and "A motion to strike is the proper preliminary procedure to challenge an insufficient affirmative defense." Fed. Trade Commn. v. U.S. Work All., Inc., 1:08-CV-2053-WSD, 2009 WL 10669724, at 1 (N.D. Ga. Feb. 24, 2009). And the "purpose of motions to strike is to prevent wasting unnecessary time and expense of the parties and the court." *Id.* at 3 (citing Ebrahimi v. City of Huntsville Board of Educ., 114 F.3d 162, 165 (11th Cir. 1997)).

## ARGUMENT

### a. Theories of Defendant's 1st, 2nd and 10th defenses

As an initial matter, Defendant's 1st, 2nd and 10th affirmative defenses are in violation of Rule 8(b)(1)(A)(B)(2)(3)(c)(1), because they are ambiguous theories, bare boned, conclusory, and completely fail to state the factual basis relied upon for each defense, as follows:

FIRST DEFENSE – Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

SECOND DEFENSE – Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver, judicial estoppel, equitable estoppel and unclean hands.

<u>TENTH DEFENSE</u> – Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate her alleged damages.

As shown, these defenses are insufficient because they are conclusory and (even if these defenses were appropriate here, Defendant has failed to plead any facts to support it.) *See* Merrill Lynch Bus. Fin. Serv., Inc. v. Performance Machine Sys. U.S.A., Inc., 2005 WL 975773, at 12 (S.D.Fla. Mar. 4, 2005) (affirmative defenses of failure to state a claim, failure to mitigate damages, waiver and estoppel, and unclean hands are stricken, because each of these affirmative defenses contained only "a bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand.") And "affirmative defenses which fail to satisfy Rule 8(b) should be stricken if they fail to include more than bare-bones conclusory allegations." *E.g.,* Microsoft Corp. v. Jesse's Computers & Repair, Inc. , 211 F.R.D. 681, 684 (M.D.Fla.2002); *See* also Shechter v. Comptroller of City of New York , 79 F.3d 265, 270 (2nd Cir.1996) ("Affirmative defenses must amount to more than mere conclusions of law").*Id.* Therefore, Defendant's 1st, 2nd and 10th defenses must be stricken as a matter of law.

**b. Defendant's boilerplate (barring) defenses with no factual or legal support for its 3rd, 4th, 5th, 6th, 8th, 9th, 11th, 14th, 15th, 16th, 19th and 22nd defenses**

The following affirmative defenses are also in violation of Rule 8(b)(1)(A)(B)(2)(3)(c)(1), because they are boilerplate, repetitive, evasive, conclusory and fail to state the basis relied upon for each defense:

THIRD DEFENSE – Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

FOURTH DEFENSE – Plaintiff's claims are barred, in whole or in part, because Defendant has acted lawfully and in good faith at all times relevant hereto, and has not violated any statutory or legal right of Plaintiff.

FIFTH DEFENSE – Plaintiff's claims are barred to the extent Plaintiff failed to satisfy the applicable administrative and statutory prerequisites.

SIXTH DEFENSE – Plaintiff's claims are barred, and this Court lacks subject matter jurisdiction over those claims, to the extent they were not raised in a charge of discrimination timely filed with the Equal Employment Opportunity Commission ("EEOC").

EIGHTH DEFENSE – Plaintiff's claims are barred by her inability to establish causation and because the terms and conditions of Plaintiff's relationship with Defendant were based on reasonable non-discriminatory and non-retaliatory factors.

NINTH DEFENSE – Plaintiff's claims are barred because Plaintiff was not harmed in the manner or to the extent alleged.

ELEVENTH DEFENSE – Plaintiff's claims are barred because Defendants had legitimate, nondiscriminatory and non-retaliatory reasons for its treatment of Plaintiff and because Plaintiff cannot demonstrate pretext.

FOURTEENTH DEFENSE – To the extent that an unlawful employment action occurred (an allegation which Defendant denies), the same action would have been taken in the absence of any unlawful motivating factor.

**FIFTEENTH DEFENSE** – Plaintiff's claims are barred because, to the extent any person affiliated with Defendant engaged in conduct contrary to the law, such conduct was outside the scope of that person's authority, was in direct contravention of Defendant's express policies, and occurred without the consent or ratification of Defendant.

**SIXTEENTH DEFENSE** – Plaintiff's discrimination and retaliation claims based on events which preceded her termination are barred because Plaintiff was not subjected to an adverse employment action.

**NINETEENTH DEFENSE** – Plaintiff's claims are barred, in part, by applicable statutory damage caps.

**TWENTY-SECOND DEFENSE** – Plaintiff's claims are barred because the criterion upon which Defendant based its employment decisions regarding Plaintiff was job-related and consistent with business necessity.

As laid out, these defenses are not affirmative whatsoever; rather they are all nearly identical in ambiguity, so Plaintiff can only assume that there must be some "statute", "prerequisite", "factor", "reasons", "motivating factor", "person's", "policy", "events" "statutory damage caps", or random "criterion" that Defendant relied upon to assert these defenses; but Defendant completely fails to state what statute, prerequisite, factor, reasons, motivating factor, person's, policy, events, statutory caps, or criteria and/or facts it relied upon to support each defense; therefore these defenses must be stricken, because an affirmative defense is a defense "that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." Adams v. Jumpstart Wireless Corp., 294 F.R.D. 688, 671 (S.D. Fla. 2013). A defense which addresses a

defect in a party's claim or which fails to put the opposing party on notice of the nature of the defense is not a properly asserted affirmative defense. *Id.*

c. **Defendant's 7th, 13th, 17th, 20th, 21st, 23rd, 24th and 25th defenses and res judicata:**

As follows, Defendant's ADA related defenses are also problematic, and must be stricken pursuant to res judicata:

SEVENTH DEFENSE – Plaintiff's claims are barred because Defendant's treatment of Plaintiff was at all times based on factors other than Plaintiff's alleged disability, or her alleged engagement in any protected activity.

THIRTEENTH DEFENSE – Plaintiff's ADA discrimination claim is barred because Defendant provided Plaintiff with multiple reasonable accommodations.

SEVENTEENTH DEFENSE – Plaintiff's discrimination and retaliation claims.

TWENTIETH DEFENSE – Plaintiff's ADA claims are barred to the extent she does not have a "disability" as that term is defined by the ADA.

TWENTY-FIRST DEFENSE – Plaintiff's ADA claims are barred to the extent she is not a "qualified individual with a disability" as that term is defined by the ADA.

TWENTY-THIRD DEFENSE – Plaintiff's retaliation claims are barred because Plaintiff did not engage in any statutorily protected activity before any alleged adverse employment action occurred.

TWENTY-FOURTH DEFENSE – Plaintiff's retaliation claims are barred because there was no causal connection between any alleged protected activity and any alleged adverse employment action.

<u>TWENTY-FIFTH DEFENSE</u> – Plaintiff's ADA claims are barred because she was unable to perform the essential functions of her position, with or without a reasonable accommodation.

As shown, Defendant's 13th defense asserts that Plaintiff's claims are barred because she was provided with multiple accommodations, then its 25th defense asserts that Plaintiff was unable to perform the essential functions of her position with or without accommodation, (meaning Defendant admits that Plaintiff is a qualified individual with disability), but Plaintiff's Complaint did not list any counts regarding failure to accommodate.

Then, in contrast to Defendant's 13th and 25th defenses, its 7th, 20th and 21st defenses all claim that Plaintiff is not a qualified individual with disability; but either way, this court has already determined that Plaintiff is a qualified individual with a disability as defined under the ADA.

Plus, Defendant's 24th defense claims that there was no causal connection between any alleged protected activity; and its 17th defense just states "Plaintiff's discrimination and retaliation claims".

But in all defenses listed here, Defendant has raised issues that were already addressed by this court, because Plaintiff was unable to be reinstated to the prior role that she held before FMLA leave, because of her disability, so her physician submitted a reassignment for accommodation request – while she was on FMLA

leave – and premise of her placement at EWWH, was because of a job that she received per that same accommodation request, and after receiving that job, she received a second accommodation, which was clarification of her essential duties.

Therefore, Defendant has willfully listed these affirmative defenses in bad faith, to relitigate them; because Defendant was put on notice when this above captioned case commenced, that this case is related case No. 1:18-CV-04856, (as listed on page two of the civil cover sheet). Doc. 1-2 pg. 2.

Thus Defendant's 7th , 13th, 17th, 20th, 21st, 23rd , 24th and 25th defenses must be stricken  as a matter of law to prevent Defendant from progressing further with collateral attacks of this court's prior adjudications of the same issues and claims of related case No. 1:18-CV-04856, which has the exact same parties of the above captioned case in accord with res judicata, also known as claim preclusion, that "bars the parties from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir.2001). "Federal preclusion principles apply to prior federal decisions, whether  previously decided in diversity or federal question jurisdiction." CSX Transp., Inc. v. Brotherhood of Maintenance of Way Employees, 327 F.3d 1309, 1316 (11th Cir. 2003). "The general principle of res judicata prevents the relitigation of issues and claims already decided by a competent court. Once a party has fought out a matter in litigation with the other party, he cannot later renew that duel." Comm. State Bank

v. Strong, 651 F.3d 1241, 1263 (11th Cir. 2011) (internal quotation marks omitted).

The enforcement of res judicata principles "is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgment of such tribunals in respect of all matters properly put in issue, and actually determined by them." S. Pac. Ry. Co. v. United States, 168 U.S. 1, 49 (1897). "Res judicata comes in two forms: claim preclusion…and issue preclusion …" Comm. State Bank, 651 F.3d at 1263. Because the distinction between claim preclusion and issue preclusion makes no difference for our purposes, we refer to both or either simply as "res judicata." *Id.*

This above captioned case is not a rematch to related case No. 1:18-CV-04856; this case is a sequel and Defendant is barred pursuant to res judicata from relitigating the same facts and claims of the prequal.

### d. Defendant's unsupported 12th, 18th and 27th defenses

All of Defendant's defenses regarding relief sought by Plaintiff are inappropriate and violate Rule 8(b)(1)(A)(B)(2)(3)(c)(1), because they are boilerplate, evasive, conclusory and fail to state the basis relied upon for each defense as follows:

TWELFTH DEFENSE – Plaintiff is not entitled to an award of attorneys' fees, costs or expenses.

EIGHTEENTH DEFENSE – Plaintiff is not entitled to back pay, front pay or compensatory damages.

TWENTY-SEVENTH DEFENSE – Any allegations or prayers for relief set forth in Plaintiff's Complaint that are not expressly admitted, denied, or otherwise responded to are hereby denied.

As illustrated, Defendant appears to have just copy/pasted these defenses, because its's 12th defense contends that I am not entitled to attorney fees, but Defendant is aware that I am not an attorney, nor does my Complaint request to be reimbursed for attorney fees to pay myself.

And, at Defendant's 18th defense, it fails to state why Plaintiff is not entitled to any back pay, front pay or compensatory damages, then Defendant's 27th defense is a shotgun defense in itself, because it asserts "Any allegations or prayers for relief set forth in Plaintiff's Complaint that are not expressly admitted, denied, or otherwise responded to are hereby denied." Thus, Defendant's 12th, 18th and 27th defenses must be stricken as a matter of law.

### e. Defendant's 26th defense, preserving a shotgun right to amend all affirmative defenses

Defendant's 26th defense is essentially a trap, and any reasonable person would conclude that a entrapping defense is not an affirmative defense, rather its prejudicial and in complete violation of Rule 8(b)(1)(A)(B)(2)(3)(c)(1), and FRCP 15, as asserted:

TWENTY-SIXTH DEFENSE – Defendant reserves the right to amend or assert additional affirmative defenses as facts are developed in the course of additional investigation and discovery.

Defendant's 26th defense is prejudicial to Plaintiff because it fails to cite any rules, or facts to support such a blanket preservation of a "right" to amend its defenses, whenever, and for whatever reasons it wants; and LR 15.1 provides

> "In those instances where reproduction of the entire pleading as amended would be unduly burdensome, parties filing or moving to file an amendment to a pleading shall be permitted to incorporate relevant provisions of prior pleadings by reference".

Furthermore, although this court's Local Rule is somewhat open to interpretation, it is overruled by Federal Rules of Civil Procedure, because FRCP 83 requires all Local Rules to be consistent with Federal Rules; and FRCP 15 provides three distinct moments when parties can amend pleadings:

### 1. Rule 15(a) - Amendments Before Trial

Rule 15(a) permits a party the "right" to amend pleadings without permission or consent, only (once), and aside from that (one time); Rule 15(a)(2) permits a party to seek permission from the court or opposing party to amend "when justice so requires"; and even though Rule 15(a)(2) does not specify time limits on the right amend, FRCP 16(b) interplays with Rule 15(a)(2); because the court's scheduling order under Rule 16(b) may set time limits on amendments, therefore parties must

meet the requirements of Rule 15(a)(2) and Rule 16(b)(4) - with good cause and the judges consent to modify a Rule 16(b) scheduling order.

## 2. Rule 15(b) - Amendments During and After Trial

Rule 15 (b)(1) permits a party the "right" to amend pleadings:

> Based on an Objection at Trial. If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. The court may grant a continuance to enable the objecting party to meet the evidence.

And Rule 15(b)(2) permits a party the "right" to amend pleadings:

> For Issues Tried by Consent. When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue. But failure to amend does not affect the result of the trial of that issue.

## 3. Rule 15(c) - Relation Back of Amendments

Rule 15(c), is relevant when a party wishes to add a new claim, defense, and/or or another party to a pleading when the statute of limitations has expired on that claim and/or defense, [if ] the statute of limitations has [not] expired, then a party must use Rule 15(a), or Rule 15(b), and [not] Rule 15(c), because Rule 15(c) only allows amendments under Rule 15(a), [if] the amendment sought relates back to the date of the original pleading and:

The law that provides the applicable statute of limitations allows relation back; or if the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out- or attempted to be set- in the original pleading; or the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

      (i)    received such notice of the action that it will not be prejudiced in defending on the merits; and

     (ii)    knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. *See* Rule 15(c)(1)(A)(1)(B)(C).

As demonstrated, Defendant's 26th defense must be stricken, because Pursuant to LR 15.1, Rule, 83, Rule 15(a)(b)(c), and Rule 16(b)(4), Defendant does not have the "right" to amend its defenses, whenever, and for whatever reasons it wants, but, Plaintiff asks this court to strike this defense anyway, because Plaintiff must assume that Defendant listed this defense; because it intends to assert this frivolous defense to amend any or all of its affirmative defenses on the whim, therefore, it must be stricken to prevent parties from litigating in infinite meaningless loops.

## f. Defendant willfully filed its Answer in bad faith in violation of FRCP 11(b) and should [not] be permitted the opportunity to replead

Chief Judge Pryor, writing for the panel, wrote that precedent in the 11th Circuit is clear: "When a litigant files a shotgun pleading, is represented by counsel, and

fails to request leave to amend, a district court must sua sponte give him one chance

to replead before dismissing his case with prejudice on non-merits shotgun pleading

grounds." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018). But

Defendant should [not] be given any chances to replead its defenses because:

1. The prerequisite EEOC charge of this case was filed in October 2019, which was almost two years ago.

Defendant has been in possession of Plaintiff's EEOC charge since October

2019, and never cooperated with the EEOC, and never filed a Position Statement.

Further, before requesting her right to sue, Plaintiff made one last attempt to receive

Defendant's position statement in January 2021, yet Defendant still failed to file its

Position Statement with the EEOC, therefore Plaintiff finally moved on and

requested her right to sue. Ex. A. Thus, Defendant had nearly two years to investigate

and prepare its affirmative defenses.

2. Although this court determined that Defendant was not served the Complaint and Summons in accord with FRCP 4 (Doc. 17), Defendant was in possession of the Complaint, Summons, and Civil Cover Sheet of this case since April 6, 2021, which was approximately four months ago.

Defendant was mailed the Complaint, Summons and Civil Cover Sheet of this

case by certified mail on April 6, 2021, and Defendant's counsel was mailed and

emailed the same, on that same day (Doc. 11-2 pg. 2 at 3), therefore after having

Plaintiff's EEOC charge in its possession since October 2019, Defendant and its

counsel had Plaintiff's Complaint, Summons and Civil Cover Sheet in their

possession since April 2021; and did not respond or defend against her Complaint by May 2021, then after having more time to respond, after Plaintiff served Defendant on July 14, 2021( per the court's order (Doc. 17)), Defendant still filed a shotgun pleading, when it clearly had plenty of time investigate and prepare its affirmative defenses before filing its shotgun Answer on August 3, 2021.

3. Plaintiff emailed Defendant's counsel approximately three months ago, in May 2021 and informed them that she would move forward with a Motion to Strike, as necessary if its Answer to her Complaint was improper.

After Defendant completely failed to defend, or otherwise Respond to Plaintiff's Complaint by May 3, 2021, she emailed Defendant's counsel on May 4, 2021, to ascertain whether Defendant had any intentions of answering her Complaint and informed them that if Defendant Answered her complaint improperly, she would move to strike any insufficient defenses as necessary (Ex. B), and Defendant still filed a shotgun Answer.

4. After Defendant was served the Complaint and Summons per the court's order (Doc. 17), Plaintiff offered (and drafted) a joint motion to extend Defendant's time to Answer the Complaint to September 7, 2021, which is the same deadline Defendant would have had if service were waived under Rule 4.

July 8, 2021, the court's R&R ordered Plaintiff to serve Defendant in accordance with FRCP 4 with a 30-day deadline (Doc. 17); but because Plaintiff is Pro Se; unlike Defendant's counsel, she is not permitted to file documents via ECF in district court and she is not immediately notified of any case activity by email.

Moreover, FRCP 4 provides alternative ways in which service can be rendered, and Plaintiff requested service to be waived by the Defendant; but Plaintiff served Defendant instead, because FRCP 4(d)(1)(F) provides 30-days for waivers to be returned, which would have conflicted with the court's 30-day deadline to serve Defendant. Then, FRCP 4(d)(3) provides Defendants with a 60-day deadline - from the date requests to waive service are sent to Answer Complaints.

So, since Defendant was served the Amended Summons and Complaint in accordance with FRCP 4(a)(b)(c)(h)(l)(1)(3) on July 13, 2021, pursuant to Rule 12 (a)(1)(A)(i), Defendant's Answer was due on August 3, 2021. And, because parties were willing to have service waived, [if] time permitted, Plaintiff offered and drafted a joint motion to extend Defendant's deadline to Answer from August 3, 2021, to September 7, 2021 (which is the same deadline to Answer, [if] service of the Summons and Complaint were waived under Rule 4(d)). But Defendant's counsel completely ignored the offer – which would have given them even more time to Answer – prior to filing its shotgun pleading. Ex. C.

5. On August 9, 2021, Plaintiff emailed Defendant's counsel with dates that she was available to confer, but Defendant's counsel informed her that they have no duty to confer with her under LR.16.1 and FRCP 26(f), just because Plaintiff is Pro Se.

LR 16.1 requires parties to confer pursuant to FRCP 26(f) within 16-days after the appearance of a Defendant by Answer or motion, which is August 19, 2021, since Defendant filed its Answer on August 3, 2021.

Plaintiff filed a motion to waive LR. 16.1's in-person conference requirement – not the conference requirement itself, due to the pandemic, and Defendant did not oppose. Doc. 22. Then, on August 9, 2021, Plaintiff emailed Defendant's counsel with dates/times that she was available to confer, and Defendant's counsel informed her that they had no duty to confer with her under FRCP 26(f), or LR 16.1, because she is Pro Se and not an attorney. Ex. D.

But although Plaintiff was not enthusiastic about conferring with Defendant's counsel, she was willing to confer according to Local and Federal Rules, because neither LR 16.1, or FRCP 26(f) provides that Pro Se parties are completely exempt from FRCP 26(f) conferences; LR 16.2 only states that Pro Se litigants and opposing counsel are permitted to file separate preliminary reports and discovery plans; unlike LR 16.3 that exempts Pro Se litigants and opposing counsel from conferring after discovery. Therefore, Plaintiff made several sincere efforts to communicate proactively with Defendant's counsel, but she was blatantly ignored, and instead Defendant's counsel only played games and tried to confuse Plaintiff with distortions of law. And as illustrated, Defendant intentionally filed its Answer to Plaintiff's Complaint in bad faith, because it had nearly [two years] to investigate

and prepare its defenses [not twenty-one days] and still filed a shotgun pleading to purposely confuse the issues of this case and obstruct justice - which is not tolerated in this circuit.

Judge Tjoflat wrote separately to emphasize the standards of claims and wrote that a claim should be a "short and plain statement" meaning a "short and plain statement." Too many lawyers are "too clever for their own good." "Shotgun pleadings" are "calculated to confuse the 'enemy' and the court, so that theories for relief not provided by law and which can prejudice an opponent's case, especially before the jury, can be masked." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (alterations adopted) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)).

## CONCLUSION

**WHEREFORE**, Plaintiff moves this honorable court to strike all of Defendant's twenty-seven shotgun affirmative defenses, and impose any additional relief deemed just and proper.

Respectfully submitted this 12th day of August 2021, in Atlanta, Georgia.

_____

Aiesha B. Callahan
*Plaintiff, Pro Se*

# **DECLARATION**

Undersigned below, I, Aiesha B. Callahan, declare under penalty of perjury; in support of my motion to strike Defendant's shotgun affirmative defenses; that I am the Plaintiff of this action, competent to testify as to all written herein, and all facts are based on my personal knowledge and experiences.

Executed this 12th day of August 2021, in Atlanta, Georgia.

_____
Aiesha B. Callahan
*Plaintiff, Pro Se*

## CERTIFICATE OF COMPLIANCE

Undersigned below, Plaintiff certifies that the foregoing document complies with the type and margin requirements set forth in LR 5.1, using a font type in Times New Roman and point size of 14 count.

## CERTIFICATE OF SERVICE

Undersigned below, I hereby certify that, I have this 12th day of August 2021, filed a copy of the foregoing, **MOTION TO STRIKE DEFENDANT'S SHOTGUN AFFIRMITIVE DEFENSES,** with the clerk and served the same via email to attorneys for Defendant as follows:

Lewis Brisbois Bisgaard & Smith LLP.,

<table>
<tr><td>John S. Snelling</td><td>Toni J. Read</td></tr>
<tr><td>Email: jsnelling@lbbslaw.com</td><td>Email: tread@lbbslaw.com</td></tr>
</table>

Done this 12th day of August 2021.

Aiesha B. Callahan
*Plaintiff, Pro Se*
Po Box 54903
Atlanta, Georgia 30308
aiesha.callahan@gmail.com